[This opinion has been published in *Ohio Official Reports* at 71 Ohio St.3d 614.]

OFFICE OF DISCIPLINARY COUNSEL *v.* SENNE.

[Cite as *Disciplinary Counsel v. Senne*, 1995-Ohio-257.]

*Attorneys at law—Misconduct—Indefinite suspension—Conduct prejudicial to the administration of justice—Conduct that adversely reflects on fitness to practice law—Neglect of an entrusted legal matter—Failure to carry out contract for legal services—Failure to register as an attorney.*

(No. 94-2307—Submitted January 10, 1995—Decided March 22, 1995.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 94-31.

_____

{¶ 1} Relator, Office of Disciplinary Counsel, charged respondent Hubert Sherwood Senne, Jr. of Akron, Ohio, Attorney Registration No. 0037861, with three counts of misconduct involving violations of DR 1-102(A)(5) (conduct prejudicial to the administration of justice), 1-102(A)(6) (conduct that adversely reflects on fitness to practice law), 6-101(A)(3) (neglect of an entrusted legal matter), and 7-101(A)(2) (failure to carry out contract for legal services). Relator also charged that respondent had failed to register as an attorney or had registered late in violation of Gov.Bar R. VI(1) and (3). A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court heard the matter on October 7, 1994.

{¶ 2} Evidence submitted to prove Count I established that respondent represented several clients in a negligence action for damages sustained in an automobile accident. Respondent initially filed their suit in the Delaware County Court of Common Pleas in June 1991, but he subsequently failed to respond to discovery requests. He also failed to attend a hearing on a motion to compel discovery, claiming that he had not received notice. The court sustained the motion

to compel, but granted respondent additional time to comply before imposing sanctions. Respondent then dismissed his clients' case voluntarily before the court could rule on a motion to dismiss the case with prejudice.

{¶ 3} Sometime in 1993, respondent refiled the negligence action, and the defendants removed the case to the United States District Court for the Southern District of Ohio. Respondent missed a pretrial conference scheduled for June 1, 1993, again claiming he had not received notice. Respondent produced evidence of a slight error in the address the federal district court clerk had used to notify him of action in the case. Even so, the assigned federal magistrate observed that notice had been mailed to respondent April 1, 1993 and had not been returned as undeliverable. The magistrate also observed that respondent was not admitted to practice in the Southern District. He ordered respondent to show cause within ten days why sanctions should not be imposed for his neglect, and to comply with all discovery requests by June 16, 1993.

{¶ 4} Respondent did not comply with either part of the court's order, and defendants moved to dismiss with prejudice on June 23, 1993. On July 13, 1993, the district court warned respondent that his failure to respond to the motion to dismiss would result in dismissal of the cause. At that point, respondent brought in experienced counsel to undertake representation of his clients. The federal judge later reported respondent's neglect to relator.

{¶ 5} Evidence submitted to prove Count II established that respondent agreed to help two other clients try to avoid a garnishment and lien against them for approximately $10,000. Respondent received $500, but failed to attend garnishment proceedings in early 1993. Respondent had also failed to respond to his client's inquiries about the status of their case.

{¶ 6} Evidence submitted to prove Count III established that respondent did not register as an attorney for the 1993-1995 biennium or pay his registration fee until the day before the panel hearing, when he registered as "inactive" under

2

Gov.Bar R.VI(A)(2). Respondent had also failed to register timely for the four preceding biennium periods.

{¶ 7} From this evidence, the panel determined that respondent had committed all the misconduct cited in the complaint. In recommending a sanction, the panel considered that respondent had been diagnosed with clinical depression and was receiving medical treatment for this condition. Respondent offered his impression that his condition is improving, but that he is not yet prepared to resume his general practice.

{¶ 8} Relator suggested that respondent be indefinitely suspended from the practice of law for his misconduct; respondent suggested that the suspension be for a definite period with conditions. The panel recommended an indefinite suspension. The board adopted the panel's findings and its recommendation.

———————————

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*Richard McCune*, for respondent.

———————————

**Per Curiam.**

{¶ 9} Having thoroughly reviewed the record in this case, we agree with the board's findings that respondent violated DR 1-102(A)(5) and (6), 6-101(A)(3), 7-101(A)(2) and Gov.Bar R. VI(1) and (3). We also concur in the recommended sanction. Accordingly, we order that respondent be suspended indefinitely from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

———————————